Edwin I. Aimufua, Esq.
**LAW OFFICES OF EDWIN I. AIMUFUA**
11150 Sepulveda Blvd, Suite # A
Mission Hills, California 91345-1126
Telephone: (747) 246 – 4141
Facsimile: (818) 855 – 1118
Email: eia@aimufualaw.com

*Attorneys for Plaintiff and
the Putative Class Members*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY A. OLIVER, individually and on behalf of a class similarly situated individuals.<br><br>*Plaintiff,*<br><br>v.<br><br>Lyft, Inc., a Delaware Corporation;<br><br>*Defendants.* | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq)**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Anthony A. Oliver ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this class action complaint against Defendant Lyft, Inc., ("Lyft" or "Defendant") to stop Defendant's practice of making unauthorized text message calls to consumer's cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff Oliver alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys. Plaintiff further brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant for negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the said Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), despite Plaintiff entering "stop" in response text messages to the Defendant.

## NATURE OF THE ACTION

2. In a misguided effort to promote its ride-sharing service to former drivers, Lyft, an operator of a nationwide ride-sharing network, engaged in an invasive and unlawful form of outreach through the transmission of unauthorized text message calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls, Defendant has violated the called parties' statutory rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies unauthorized automated text messages, but also because consumers, like Plaintiff, must frequently pay their cell phone service providers or incur a usage allocation deduction from their calling plans for the receipt of such messages, notwithstanding that the text

**Class Action Complaint for Damages**

2

1  messages were made in violation of specific legislation on the subject.

2      4.    In order to redress these injuries, Plaintiff, on behalf of himself and the proposed Class defined below, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unauthorized text messages.

    5.    On behalf of the proposed Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text messages and an award of actual and statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

    6.    This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

    7.    This Court has personal jurisdiction over Defendant, because Defendant does business in this District, is registered to do business in Georgia and nationwide, and because certain of the acts giving rise to the claims alleged herein were committed in Georgia.

    8.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because the Plaintiff seeks up to $1,500 in damages for each call-in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction and Plaintiff seeks relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendant. Both of the elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

**Class Action Complaint for Damages**     3

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts business in this District and because a substantial part of the events concerning the conduct at issue occurred in this District as the unauthorized text messages were received by Plaintiff in this District.

## THE PARTIES

10. Plaintiff Anthony A. Oliver is a citizen of Georgia. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

11. Defendant Lyft is a Delaware Corporation with its principal place of business located in San Francisco, California. Lyft is the operator of a ride-sharing service that operates via a mobile application used by authorized drivers and passengers who seek their transportation services.

## COMMON ALLEGATIONS OF FACT

12. Lyft is an operator of a mobile application that connects drivers authorized to use the application with passengers who need transportation to a given destination.

13. As an ordinary business practice, Defendant sends various promotional and informational text messages to the cellular telephones of its drivers informing them about various promotions as well as alerts regarding their Lyft account.

14. However, Defendant fails to honor requests to discontinue such text message calls and routinely sends unauthorized text messages to cell phones of former drivers who had revoked their consent to be sent messages by Defendant. Defendant Lyft contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

15. For example, in or about October 2018, Defendant Lyft wrongfully terminated Plaintiff and revoked his status as an authorized driver for its application. Nonetheless, Lyft continued to send Plaintiff text messages about his Lyft account, including text messages about local Lyft sponsored events and other messages promoting Lyft's mobile application.

16. As such, Plaintiff on multiple occasions texted back to Lyft "stop" and "I am withdrawing consent to these messages."

17. For example, after texting Lyft "stop" yet again, on or about November 4, 2018 Lyft sent Plaintiff yet another promotional text message stating: "Next week's Lyft streak bonus hours are now in the app. Pick any times that work for you and give back-to-back rides to earn more. http://lft.to/streaks"

18. Despite knowing the Plaintiff was terminated as an employee, Lyft continued to send Plaintiff text messages long after Lyft terminated the Plaintiff from his employment as a driver and after the Plaintiff revoked his consent not once, but twice and texting Lyft "stop."

19. On December 12, 2018, Lyft sent the Plaintiff another text message using and ATDS stating: "We're making it easier for you to keep your rating high, plus more improvements to keep you supported and safe http://www.lyft.com/driver/driver-by-you#support

20. At no time did the Plaintiff give Lyft his consent to receive any future text messages and the Plaintiff had already put Lyft on notice, but the Defendant still continued to send the Plaintiff text messages that would entitle the Plaintiff to treble damages.

**Class Action Complaint for Damages**

5



21.     Once again, Lyft was on notice that Plaintiff opted out of receiving text messages from the Defendant, however Lyft still continues to annoy the Plaintiff by sending text messages to his cell phone.

22.     At no time after Plaintiff requested to not be contacted in or about November 4, 2018 did Plaintiff again provide consent to receive any further text messages, making all text messages sent by Defendant thereafter unauthorized. The unauthorized text messages received by Plaintiff contained generic content regarding Defendant's mobile application and were automatically distributed by Defendant, including to lists of telephone numbers.

23.     In addition to being a nuisance and an invasion of privacy, Defendant's unauthorized automated text messages consistently interfered with Plaintiff's, and Class members', use of their cellular telephones.

**Class Action Complaint for Damages**

6

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself, and a Class of individuals, defined as: All persons in the United States and its Territories who, within the past four years, received one or more text messages from Defendant on their cellular telephone promoting its mobile application after they were no longer an authorized Lyft driver and communicating to Defendant that it did not have consent to send any further text messages to that telephone number.

25. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

26. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

27. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

28. The factual and legal bases of Defendant's liability to Plaintiff and to the members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

29. Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

   a) Whether Defendant sent one or more promotional text messages to members of the Class after they had revoked consent to receive any such text messages;

   b) Whether Defendant and/or its agents used an automatic telephone dialing system to transmit the text messages at issue;

   c) Whether Defendant systematically continued to transmit text messages to individuals who communicated to Defendant that they did not consent to receive such automated text messages from Defendant;

   d) Whether Defendant's conduct violated the Plaintiff's and Class members' respective rights to privacy;

   e) Whether Defendant's conduct was willfully in violation of the TCPA such that the Class members are entitled to treble damages; and

   f) Whether Defendant should be enjoined from engaging in such conduct in the future.

# COUNT I

## Violation of the Telephone Consumer Protection Act

## (47 U.S.C. § 227, et seq.)

### Plaintiff and the Class v. Defendant Lyft, Inc.

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendant made unauthorized promotional text message calls using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class after Plaintiff and the members of the Class communicated to Defendant that it did not have consent to send such messages.

32. These promotional text messages calls were automatically generated and sent *en masse* to lists of telephone numbers using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

33. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

34. As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered statutory and actual damages, and under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

35. To the extent the Court determines the Defendant's conduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for the following relief:

1. An Order certifying the Class as defined above;
2. An award of actual and statutory damages;
3. An injunction requiring Defendant to cease all unauthorized automated telephone activities;
4. An award of reasonable attorneys' fees and costs; and
5. Such other and further relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: March 21, 2019

Respectfully submitted,
By: /S/ Edwin I. Aimufua, Esq.

*Attorneys for Plaintiff Anthony Oliver and the Putative Class*

**Class Action Complaint for Damages**    10