IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY OLIVER,

    Plaintiff,

  v.

LYFT, INC.,

    Defendant.

No. C 19-01488 WHA

**ORDER RE MOTIONS TO TRANSFER, STAY, AND BE RELIEVED AS COUNSEL, AND ORDER VACATING HEARING**

## INTRODUCTION

In this putative TCPA class action, defendant moves to transfer venue to the Southern District of Georgia. Plaintiff moves to stay the action. Plaintiff's counsel moves to be relieved as counsel. For the reasons stated below, the motion to transfer is **GRANTED**, the motion to stay is **DENIED WITHOUT PREJUDICE**, and the motion to be relieved as counsel is **GRANTED**. The hearing is **VACATED**.

## STATEMENT

This action is one of several lawsuits brought by plaintiff Anthony Oliver against defendant Lyft, Inc., a corporation based in this district (Dkt. No. 12, Exhs. D–E). Notably, this district recently transferred two of plaintiff's lawsuits against defendant to the Southern District of Georgia (*ibid.*). Plaintiff dismissed one of these actions upon transfer, and the other is pending (Dkt. No. 12, Exh. M). Plaintiff returns to this district with the instant case, alleging that Lyft, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, sent unauthorized text messages to his phone and the phones of other Lyft users (Dkt. No. 1 ¶ 4).

While residing in Chatham County, Georgia, plaintiff worked as a Lyft driver until October 2018 (Dkt. No. 1 ¶ 15). As a Lyft driver, plaintiff received texts regarding "local Lyft sponsored events and other messages promoting Lyft's mobile application" (*ibid.*). After his termination, plaintiff continued to receive promotional texts from Lyft, despite allegedly revoking consent to receive communications from defendant (Dkt. No. 19-2 at 2). As such, plaintiff contends that the texts sent after October 2018 violate the TCPA. He subsequently filed suit in this district.[*]

Plaintiff is currently being held in the Chatham County Jail without bond or a pending court date (Dkt. No. 19-2 at 1).

Defendant moves to transfer venue to the Southern District of Georgia under 28 U.S.C. § 1404(a) (Dkt. No. 12). Plaintiff moves to stay the action for five months, pending the resolution of a criminal proceeding against him (Dkt. No. 14 at 4). Plaintiff's counsel moves to be relieved as counsel (Dkt. No. 17). This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds the pending motions suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for June 6.

## ANALYSIS

### 1. REQUESTS FOR JUDICIAL NOTICE.

A court may take judicial notice of any fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2).

Here, Lyft filed two separate requests for judicial notice. The requests for judicial notice are **GRANTED IN PART** and **DENIED IN PART**.

#### A. REQUEST FOR JUDICIAL NOTICE IN MOTION TO TRANSFER.

In the motion to transfer, Lyft includes twenty-one exhibits to be judicially noticed (Dkt. No. 12, Exhs. A–U).

---

[*] The Southern District of Georgia has imposed pre-filing conditions on plaintiff, including a post-contempt bond (Dkt. No. 12, Exh. C). The Central District of California has also declared plaintiff a vexatious litigant (*id.*, Exh. A).

2

Exhibit A is an order from the Central District of California that declares plaintiff a vexatious litigant. Exhibit C is an order from the Southern District of Georgia imposing pre-filing conditions on plaintiff. Exhibits D and E are orders from this district that transfer other actions between plaintiff and defendant to the Southern District of Georgia. Exhibit M is plaintiff's notice of dismissal of one such action against Lyft. Exhibit U depicts caseload statistics in this district and the Southern District of Georgia. The request for judicial notice as to Exhibits A, C, D, E, M, and U is **GRANTED**.

Exhibits B and F pertain to various orders and motions from actions that plaintiff filed in the past. Exhibit G depicts that plaintiff was booked by the Chatham County Jail. Exhibits H–L, Exhibit N, and Exhibits Q–T pertain to more orders and motions from this district and the Southern District of Geogia in actions in which both plaintiff and defendant are parties. Exhibit O is a duplicate of Exhibit E. Exhibit P is a copy of Lyft's Terms of Service. These exhibits are not necessary for resolving the motion to transfer venue, so the request for judicial notice as to Exhibits B, F, G–L, N, O–P, and Q–T is **DENIED AS MOOT**.

### B. REQUEST FOR JUDICIAL NOTICE IN REPLY.

In the reply to the motion to transfer, Lyft includes five exhibits to be judicially noticed (Dkt. No. 23-2, Exhs. A–E).

Exhibit A is an order written by the Southern District of Georgia regarding a separate action between plaintiff and defendant. Exhibit B depicts the federal delineations of the judicial districts in California. Exhibits C, D, and E are various briefs filed by plaintiff in other cases involving Lyft in the Southern District of Georgia and in this district. These documents are not necessary for resolving the motion to transfer, so the request for judicial notice as to Exhibits A–E is **DENIED AS MOOT**.

### 2. LYFT'S MOTION TO TRANSFER VENUE.

An action may be transferred to another district "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue is proper in a judicial district where "a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). If the proposed

3

venue is proper, the court may consider this non-exhaustive list of factors in determining whether a motion to transfer venue under Section 1404(a) should be granted:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion in each forum.

*Martin v. Glob. Tel\*Link Corp.*, 2015 WL 2124379, at \*2 (N.D. Cal. May 6, 2015) (Judge Yvonne Gonzalez Rogers). Whether transfer is appropriate is a decision well within the discretion of the district court. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

### A. Venue Would Have Been Proper in Georgia.

This order finds that venue would have been proper in the Southern District of Georgia because this is where plaintiff executed Lyft's Terms of Service and allegedly received the unauthorized texts.

At least two times during these proceedings, plaintiff presents inconsistent statements pertaining to the location where he received the texts (Dkt. Nos. 1 ¶¶ 7, 9; 19-2 at 2, 4). In his complaint, plaintiff states that the "acts giving rise to the claims alleged herein were committed in Georgia" (Dkt. No. 1 ¶ 7). Two paragraphs later, however, plaintiff contradicts himself, stating that he received the allegedly unauthorized texts in this district (*id.* at ¶ 9). Plaintiff contradicts himself yet again in a self-serving declaration, attached to his opposition. In this declaration, plaintiff states that he exclusively received the unauthorized texts while he was on vacation in Los Angeles (Dkt. No. 19-2 at 2). This order finds it unnecessary to decide which of plaintiff's three equally conflicting statements is true. It is sufficient that plaintiff, in his own complaint, states that the "acts giving rise to the claims alleged herein were committed in Georgia" (Dkt. No. 1 ¶ 7).

Defendant submits that plaintiff resides in Chatham County, within the Southern District of Georgia (Dkt. No. 12 at 3). Plaintiff similarly alleges that he is a "citizen of Georgia" (Dkt. No. 1 ¶ 10). On these assertions, it is highly likely that plaintiff started working for Lyft and executed Lyft's Terms of Service while in Chatham County (where he is currently incarcerated).

Thus, this order finds that plaintiff consented to receive communications from defendant in the Southern District of Georgia (Dkt. No. 12, Exh. E at 4).

Plaintiff contends that because the texts emanated from Lyft's headquarters in San Francisco, venue is proper in this district. This argument is unconvincing — more substantial events giving rise to this action occurred in Georgia, where the contested texts were apparently received (see Dkt. No. 1 ¶ 7) and where plaintiff initially consented to receiving the promotional texts.

In light of the foregoing, this order finds that venue is proper in the Southern District of Georgia.

### B. Relevant Convenience Factors Favors Transfer.

#### *(1) Plaintiff's Choice of Forum.*

Ordinarily, a plaintiff's choice of forum weighs heavily against a defendant seeking to transfer under Section 1404(a). When the chosen forum is not the plaintiff's home forum, however, "the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–256 (1981)).

As a resident of Chatham County, plaintiff's home forum is the Southern District of Georgia. Contrary to plaintiff's assertion, his choice of forum is not accorded the same deference that it typically receives (Dkt. No. 19 at 2). Though defendant is based in this district, plaintiff worked for Lyft, executed Lyft's Terms of Service, and received the allegedly unlawful texts in Chatham County. This case belongs in Georgia.

#### *(2) Convenience of the Parties.*

Plaintiff is currently being held without bond at the Chatham County Jail, absent a court date (Dkt. No. 19-2 at 1). Denying defendant's motion to transfer from this district wholly deprives plaintiff of the ability to participate in all aspects of the proceedings and as a potential witness. Transferring the case obviates some of these issues. The transfer is convenient for defendant as well. Defendant is embroiled in another matter with plaintiff in the Southern

5

District of Georgia and has since obtained counsel in Georgia (Dkt. No. 12 at 7). Because transfer to the Southern District of Georgia is more convenient for both parties, this factor strongly weighs in favor of transfer.

### *(3)* *Convenience of Witnesses.*

At this point, neither party has identified any witnesses that they wish to call upon. Plaintiff declares that there are no witnesses in the Southern District of Georgia but fails to states where any witnesses reside (Dkt. No. 19-2 at 3). Plaintiff, however, is presumably a witness and is currently incarcerated in Georgia. Thus, this factor weighs in favor of transfer.

### *(4)* *Ease of Access to the Evidence.*

As with the issue of witnesses, it remains unclear what evidence will be brought forth by either party. Plaintiff's complaint suggests that the bulk of his evidence is in his phone, which is presumably in Georgia, in an evidence locker at the jail. Meanwhile, defendant asserts that any evidence they have is electronic and can be easily transmitted to Georgia. Because the phone contains important evidence and is not easily accessible to this district, this factor weighs in favor of transfer.

### *(5)* *Forum's Familiarity With the Applicable Law.*

TCPA is a federal statute. Both this district and the Southern District of Georgia are equally familiar with the law. Neither venue is more convenient on this basis. This factor is thus neutral.

### *(6)* *Feasibility of Consolidation With Other Claims.*

Neither party identifies any actions in either district that would be consolidated with this claim. Accordingly, this factor is not weighed when considering defendant's motion to transfer.

### *(7)* *Local Interest in the Controversy.*

Plaintiff is a resident of Georgia. As a resident of Georgia, this order presumes that he received the texts in Georgia. In addition, plaintiff executed Lyft's Terms of Service, effectively consenting to communications from Lyft while in Georgia. Accordingly, Georgia has a local interest in resolution of this matter. Although California also has an interest in defendant's business practices, given the unusual circumstances under which this controversy arises, Georgia

ultimately has a greater interest in resolution of this claim. Thus, this factor weighs in favor of transfer.

*(8) Judicial Efficiency.*

The Southern District of Georgia has a significantly smaller caseload, allowing the parties to move through the judicial process more quickly (Dkt. No. 12, Exh. U). This will likely result in more cost efficient litigation and a more timely decision, quickening the administration of justice to both parties. In addition, there is one other pending case between plaintiff and defendant in the Southern District of Georgia. Therefore, this factor weighs in favor of transfer.

For the foregoing reasons, this order finds that transfer to the Southern District of Georgia is proper.

**3. PLAINTIFF'S MOTION TO STAY.**

In light of this order granting defendant's motion to transfer, plaintiff's motion to stay is **DENIED WITHOUT PREJUDICE** to renewal before the transferee court. This accords the court in the Southern District of Georgia the ability to make this determination.

**4. MOTION TO BE RELIEVED AS COUNSEL.**

Because the motion to transfer is granted, counsel for plaintiff's motion to be relieved as counsel is also **GRANTED**. Plaintiff's counsel is not licensed to practice in Georgia (Dkt. No. 19-2 at 3). In addition, neither plaintiff nor defendant oppose the motion (Dkt. Nos. 17-2 ¶ 6; 21 at 2).

**CONCLUSION**

For the foregoing reasons, the motion to be relieved as plaintiff's counsel is **GRANTED**. The motion to stay is **DENIED WITHOUT PREJUDICE**. The motion to transfer is **GRANTED**. The Clerk shall Transfer this action to the United States District Court for the Southern District of Georgia and **CLOSE THE FILE**. The hearing scheduled for June 6 is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 3, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE