UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LYFT, INC.,<br><br>　　　　Defendant. | Case No.  CV 4:19cv-125 |

**DEFENDANT LYFT, INC.'S RENEWED MOTION TO COMPEL ARBITRATION AND TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(1)**

　　　Defendant Lyft, Inc. ("Lyft"), through its undersigned counsel, submits this Renewed Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) in response to Plaintiff Anthony Oliver's First Amended Complaint for Damages and Injunctive Relief ("Amended Complaint") (Dkt. No. 49), which was filed on June 17, 2019.  Like Oliver's original Complaint (Dkt. No. 1), and for the same reasons previously submitted in Lyft's original Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) ("Motion to Compel Arbitration") (Dkt. No. 46), which is incorporated by reference here, the Amended Complaint should be dismissed and arbitration compelled.  Oliver has since filed his own Brief in Support of Plaintiff's Motion to Compel Arbitration (Dkt. No. 50).  Thus, the parties are in agreement that this matter belongs in arbitration and should be dismissed.

　　　Oliver's Amended Complaint is substantially similar to his original Complaint in that he alleges Lyft violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") by sending unauthorized text messages to his cellular phone.  *Compare* Complaint (Dkt. No. 1) *with* Amended Complaint (Dkt. No. 49).  Indeed, the only substantive difference between the two is that, seemingly recognizing--as Lyft highlighted in its original Motion to Compel

Arbitration and to Dismiss--that he cannot purport to represent a class when proceeding *pro se*, Oliver has dropped the class action claims in his Amended Complaint. *Id.* As set forth in detail in Lyft's original Motion to Compel Arbitration, Oliver's Amended Complaint should be dismissed and arbitration compelled because: (1) Oliver agreed to the Lyft Terms of Service, which contain an arbitration agreement that expressly applies to TCPA claims; (2) the arbitration provision is valid and enforceable; and (3), consistent with longstanding Supreme Court and Eleventh Circuit precedent, the arbitration agreement should be enforced as written.

For the reasons set forth above and briefed in further detail in Lyft's original Motion to Compel Arbitration, Oliver should be compelled to submit his claims to arbitration and this action should be dismissed.

Dated: July 1, 2019

                                                Respectfully submitted,

                                                SEYFARTH SHAW LLP

                                                BY: *//s// Daniel P. Hart*
                                                      Daniel P. Hart (Georgia Bar No. 141679)
                                                      dhart@seyfarth.com
                                                      SEYFARTH SHAW LLP
                                                      1075 Peachtree Street, N.E.
                                                      Suite 2500
                                                      Atlanta, Georgia 30309-3962
                                                      Telephone: (404) 885-1500
                                                      Facsimile: (404) 892-7056

                                                Attorney for Defendant Lyft, Inc.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| ANTHONY OLIVER,<br><br>          Plaintiff,<br><br>     v.<br><br>LYFT, INC.,<br><br>          Defendant. | Case No.  CV 4:19cv-125 |

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System and served a copy via U.S. Mail on the following:

Anthony Oliver # 2019040074
1050 Carl Griffin Drive
Savannah, Georgia 31405

*/s/ Daniel P. Hart*
Daniel P. Hart
*Counsel for Defendant Lyft Inc.*

57683291v.2