## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER, | |
| Plaintiff, | Case No.  CV 4:19cv-125 |
| v. | |
| LYFT, INC., | |
| Defendant. | |

## DEFENDANT LYFT, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND ORDER THAT THE DEFENDANT PAY ARBITRATION FILING FEES AND DISMISS THIS ACTION WITHOUT PREJUDICE (DKT. NO. 50)

Defendant Lyft, Inc. ("Lyft"), through its undersigned counsel, submits this Response to Plaintiff Anthony Oliver's Motion to Compel Arbitration and Order that the Defendant Pay Arbitration Filing Fees and Dismiss this Action Without Prejudice (Dkt. No. 50), which was filed on June 21, 2019.  For the reasons outlined below, Lyft does not oppose Oliver's request that this matter be sent to arbitration, consistent with the Terms of Service to which Oliver and Lyft agreed, and requests that the Court grant Lyft's Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1) ("Motion to Compel Arbitration") (Dkt. No. 46), which was filed on June 17, 2019, four days prior to the motion at issue here.

Lyft respectfully requests that the Court grant its Motion to Consolidate Related Cases (*see Oliver v. Lyft, Inc.*, 4:19-cv-00063-WTM-CLR ("*Lyft II*") (Dkt. No. 107) (attached as **Exhibit A**)) to consolidate the instant action with *Lyft II* and further rule on its pending Vexatious Litigant Motion in *Lyft II*, filed on February 19, 2019 (*see Lyft II* (Dkt. No. 63) (attached as **Exhibit B**)), which for the reasons set forth in Lyft's Response to Court's Order Regarding Pending Motions (*Lyft II* (Dkt. No. 101) (attached as **Exhibit C**)), the Court has the

authority to grant irrespective of and in addition to sending this matter to arbitration, where it properly belongs.

## I.  THIS MATTER BELONGS IN ARBITRATION

As outlined in its previously filed Motion to Compel Arbitration, Lyft agrees with Oliver's position: this matter belongs in arbitration and should not proceed before this Court. Oliver consented to Lyft's Terms of Service (attached as **Exhibit D**), which contain a clear and conspicuous arbitration provision that applies to all disputes between Lyft and users of its platform and specifically references claims brought under the Telephone Consumer Protection Act ("TCPA"), which are at issue in this action.  *See* Exhibit D ¶ 17.  Indeed, Oliver himself previously moved to compel arbitration of two prior lawsuits he filed against Lyft.  *See Oliver v. Lyft, Inc.*, 3:18-cv-05505-MMC ("*Lyft I*"),[1] Plaintiff's Motion to Compel Individual Arbitration and Stay Action (Dkt. No. 28) (attached as **Exhibit E**); *Lyft II*, Plaintiff's Motion to Compel Arbitration and to Order the Defendant Lyft, Inc. to Pay Arbitration Filing Fees and Dismiss the Entire Action (Dkt. No. 106) (attached as **Exhibit F**).  There is no dispute between Lyft and Oliver that this matter should be sent to arbitration.

## II.  LYFT HAS NOT REFUSED TO PAY THE FILING FEE

Apart from his request to arbitrate this matter (which Lyft does not oppose), Oliver asserts that "[t]o date, Defendant Lyft has blantently [sic] refused to pay the AAA the respective filing fee to initiate AAA proceedings and likely will not do so unless ordered by this Court." (Dkt. No. 50 at 4.)  Lyft has not refused to pay any filing fee.  The Arbitration Agreement explicitly states that "[a]ny arbitration conducted pursuant to this Arbitration Agreement shall be administered by the American Arbitration Association ('AAA') pursuant to its Consumer Arbitration Rules" and that "[t]he payment of filing and arbitration fees will be governed by the

---

[1] *Lyft I* was subsequently transferred to this District and renumbered 4:18-cv-00270-WTM-JEG.

relevant AAA Rules" subject to limited modifications.[2]  Exhibit D ¶¶ 17(d)-(e).  None of these modifications apply to the initiation of arbitration for Oliver's TCPA claim.

The arbitration filing fees for an in-person or telephonic arbitration are $200 for the Consumer; no fees are collected from the Business until after the consumer claimant meets the filing requirements.  *See* American Arbitration Association Consumer Arbitration Rules (available online at https://www.adr.org/consumer) at 33 (attached as **Exhibit G**).  Thus, Oliver is responsible for paying a $200 filing fee when he initiates arbitration.  Lyft will pay, at the appropriate time, its portion of any arbitration fees, pursuant to the Arbitration Agreement. Oliver merely needs to file his arbitration demand with the AAA, as outlined on AAA's website, to initiate the process.  To date, however, Oliver has not, to Lyft's knowledge, filed any arbitration demand with the AAA.

III.    **THE COURT SHOULD FIRST RULE ON LYFT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT IN *LYFT II* BEFORE RULING ON THE MOTIONS TO COMPEL ARBITRATION**

As discussed above, Lyft has maintained its position that this action, and each of the other actions Oliver has brought against Lyft, belongs in arbitration.  By contrast, Oliver has vacillated in his position and forced Lyft to expend extensive time, money, and effort in responding to his various positions, only for Oliver to end up right back where he started-- namely that, as Lyft has maintained from the start, disputes between Oliver and Lyft are subject to arbitration pursuant to the Terms of Service agreed upon between the parties.  Oliver originally moved to compel arbitration himself in *Lyft I*.  *See* Exhibit E.  Oliver voluntarily dismissed that original suit in the face of Lyft's motion seeking to compel his compliance with

---

[2] Those modifications address: (1) the use of Lyft's optional Negotiation process; (2) Lyft's initiation of arbitration; (3) "Driver Claims," which include claims brought by Lyft against a Driver or claims brought by a Driver against Lyft in limited circumstances; (4) payment of attorneys' fees; (5) the award by the arbitrator of reasonable fees and costs to the prevailing party; (6) Lyft's agreement not to seek attorneys' fees and expenses; and (7) a scenario in which the arbitrator awards the prevailing party an amount greater than Lyft's last written settlement offer.

the Contempt Bond Order issued by this Court against Oliver for his prior vexatious litigation conduct. *See Lyft I*, Motion to Compel Plaintiff to Post Contempt Bond and to Meet Other Pre-Filing Conditions (Dkt. No. 46) (attached as **Exhibit H**); *Lyft I*, Plaintiff's Notice of Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A) (Dkt No. 56) (attached as **Exhibit I**).

In *Lyft II*, Oliver initially opposed Lyft's Motion to Compel Arbitration (*see* Dkt. No. 38 (attached as **Exhibit J**)) but later filed a Notice of Non-Opposition to the Defendants [sic] Motion to Compel Arbitration and Dismiss This Action (Dkt. No. 103) (attached as **Exhibit K**) and then filed a Motion to Compel Arbitration (*see* Exhibit F) before the Court had an opportunity to rule on the motions that were already pending. Lyft has been forced to file responses to all of those filings from Oliver, as well as to the filings from Oliver in the instant action. At present, Oliver appears to have filed this motion, as well as the Motion to Compel Arbitration in *Lyft II*, as an attempt to have the actions dismissed prior to the Court ruling on the Vexatious Litigant Motion. His doing so has wasted Lyft's time and resources by forcing it to respond with additional briefing on an issue that has already been briefed in two other cases (*Lyft I* and *Lyft II*). Further, Oliver has wasted judicial resources with this redundant briefing. This illustrates the sort of behavior Lyft seeks to protect against with its requests that the Court declare Oliver a vexatious litigant and enforce the pre-filing contempt bond, as explained in the Vexatious Litigant Motion.

## IV.   CONCLUSION

For the reasons stated above, Lyft respectfully requests that this Court first rule on Lyft's Vexatious Litigant Motion and then grant Lyft's Motion to Compel Arbitration and dismiss the action.

57709984v.4

Dated: July 3, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

BY: *//s// Daniel P. Hart*

    Daniel P. Hart (Georgia Bar No. 141679)
    dhart@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia 30309-3962
    Telephone: (404) 885-1500
    Facsimile: (404) 892-7056

    Attorney for Defendant Lyft, Inc.

57709984v.4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

ANTHONY OLIVER,

              Plaintiff,

      v.

LYFT, INC.,

             Defendant.

Case No.  CV 4:19cv-125

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF System and served a copy via U.S. Mail on the following:

Anthony Oliver # 2019040074
1050 Carl Griffin Drive
Savannah, Georgia 31405

*/s/ Daniel P. Hart*
Daniel P. Hart
*Counsel for Defendant Lyft Inc.*