IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY A OLIVER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. CV419-125 |
| LYFT, INC., | ) ) ) |
| Defendant. | ) ) |

## O R D E R

In March 2019, Plaintiff Anthony Oliver brought this action in the United States District Court for the Northern District of California. (Doc. 1.) On June 4, 2019, the District Court for the Northern District of California transferred the case to this Court. (Doc. 42.) For the following reasons, Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 49) are **DISMISSED WITHOUT PREJUDICE**.

On October 21, 2019, this Court adopted Magistrate Judge Ray's Report and Recommendation and imposed several restrictions on Plaintiff, including:

(1) In addition to paying the Court's filing fee, Oliver must post a $1,000 contempt bond with the Clerk of Court. In this case, he should post the required bond within fourteen days of the District Judge's adoption of this recommendation, or as ordered by the District

Judge. This bond will be held by the Clerk of Court and, if Plaintiff has conducted the affairs in his case appropriately, the bond will be returned to him at its conclusion;

(2) If Plaintiff fails to post a contempt bond, the Court will review the Complaint and determine whether it states a claim for relief that is plausible on its face, any such Complaint will be **DISMISSED** without any further judicial action 30 days from the date the Clerk receives the complaint, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." <u>Alexander v. United States</u>, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider any future Complaint that plaintiff endeavors to file, it will not necessarily enter an order addressing it. If no order is forthcoming, then 30 after the Complaint's receipt the Clerk shall, without awaiting any further direction, notify Oliver that his case has been dismissed without prejudice. The Clerk shall not issue a summons on any complaint filed without the required bond, without an order from the Court. If Oliver posts

2

> the required bond, the Clerk shall process the Complaint, including issuing the summons, according to normal procedures.

(Doc. 54 at 4-5; Doc. 56 at 1.) The Court also noted that Plaintiff had filed a Notice of Voluntary Dismissal and instructed Plaintiff that, due to the imposed filing restrictions, he must file a further notice to effectuate dismissal. (Doc. 56 at 2.) Plaintiff appealed the Court's Adoption Order (Doc. 59); and the Eleventh Circuit Court of Appeals dismissed the appeal due to lack of standing on June 12, 2020 (Doc. 68). Since the denial of Plaintiff's appeal, Plaintiff has failed to participate in this case and has failed to comply with the imposed filing restrictions.

Federal Rule of Civil Procedure 41(b) provides, in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." As the Supreme Court has stated, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). Similarly, under Local Rule 41.1(b) and (c) "the assigned Judge may, after notice to counsel of record, sua sponte, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice" for "[w]illful disobedience or neglect of any

3

order of the Court; or . . . [a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L. R. 41.1. In this case, Plaintiff has willfully disobeyed the Court's order and failed to comply with the conditions imposed. As of today, Plaintiff has not posted the $1,000 contempt bond required by this Court's order. Moreover, Plaintiff has an extensive history of filing actions in this Court and subsequently failing to abide by the Court's rules, procedures, and orders.[1] Plaintiff has also failed to file an additional notice of voluntary dismissal as advised by the Court. In light of these facts, the Court finds that dismissal of Plaintiff's complaint is appropriate under Rule 41(b) and Local Rule 41.1. Accordingly, the Court **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE.**

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 49) are **DISMISSED WITHOUT PREJUDICE.** Accordingly, Defendant's motions to compel arbitration and dismiss

---

[1] In other cases, Plaintiff's abusive litigation practices have led to the imposition of comprehensive filing restrictions and, in some instances, dismissal of the case for failure to obey court orders. Oliver v. County of Chatham, et al., No. CV417-101, 2018 WL 2449201, at *1 (S.D. Ga. May 31, 2018) (dismissing case with prejudice); Oliver v. Massey, No.: 418-cv-213, 2020 WL 6143558, at *1 (S.D. Ga. Oct. 19, 2020); Oliver v. City of Pooler, No. CV418-100, Doc. 79 at 6 (S.D. Ga. Oct. 29, 2020) ("[T]he court has no reason to believe that Plaintiff's disregard of his obligations as a litigant will be rectified by an order imposing sanctions lesser than dismissal with prejudice.").

plaintiff's complaint (Docs. 46, 51) and Plaintiff's Motion To Compel (Doc. 50) are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 5th day of November 2020.

*/s/ William T. Moore, Jr.*
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA